NORIEGA & ALVAREZ, PLAINTIFFS AND APPELLANTS, *v.* NEW YORK & PORTO RICO STEAMSHIP CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action to Recover Personal Property.—Memorandum of Costs.

No. 3248.—Decided July 14, 1924.

COSTS—MEMORANDUM OF COSTS.—When the memorandum of costs is filed in the lower court before it receives the judgment of the Supreme Court, the filing of the memorandum is premature and it will be stricken out. The fact that the party mulcted in costs asked for an extension of time within which to object to the memorandum of costs is not a waiver of his right to move to strike it out.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón,* and *C. del Toro Fernández* for the appellants.

*Messrs. O. B. Frazer* and *R. Castro Fernández* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiffs appealed from a judgment of the lower court dismissing their complaint and adjudging that they pay to the defendant the sum of $1,130.95 and the costs, and that judgment was affirmed by this court. Our judgment, certified to by the secretary of this court on August 3, 1923, was filed in the clerk's office of the trial court on August 7th, or a day after the defendant's memorandum of costs had been filed in that office. The plaintiffs asked for time within which to file objections to the memorandum and it was granted. In their objections to the approval of the memorandum of costs they alleged, among other things, that it should be stricken out because it was filed untimely, or before the judgment of this court had been received in the clerk's office of the lower court. The memorandum of costs was approved by the lower court with some modifications and on appeal from that ruling the plaintiffs allege as their first ground of appeal that error was committed in not or-

dering that the memorandum be stricken out for the reasons alleged.

Act No. 15 of November 19, 1917, provides that "Delivery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance." This statute is clear, and, therefore, as the memorandum of costs in this case was filed before our judgment of affirmance had been received in the lower court, it was filed out of time and should have been stricken out as moved for by the plaintiffs. We so held in the case of *Empresa Teatral Ponceña* v. *Municipality of Ponce*, 30 P.R.R. 499.

The appellee alleges, however, that inasmuch as the plaintiffs moved for an extension of ten days in order to file objections to the said memorandum, they were estopped from moving that it be stricken out because they thus prevented the defendant from filing another memorandum in time. We think that this argument is untenable, because the motion for an extension did not deprive the plaintiffs of their right to file any pleading that they might think proper.

For this reason the order appealed from must be reversed and substituted by another striking out the memorandum of costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.